UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
|     Randall C. Hall, | ) | Bankruptcy Case  20-81572 |
|         Debtor. | ) | |
| | ) | Chapter 11 |
| Randy Hall, | ) | |
|         Plaintiff, | ) | Judge Lynch |
| v. | ) | |
| | ) | |
| Roland C. Hall, Violet Hall, | ) | Adversary No. 20-96042 |
| Lois Taylor, Joan Martin, and | ) | |
| Richard C. Hall, Jr., | ) | |
|         Defendants. | ) | |

## MEMORANDUM OPINION

The Debtor claims that by working with his two brothers over the years to farm several parcels of farmland, a partnership was formed by operation of law, and that he disassociated from such partnership in March 2016. He asserted this claim in a pre-petition lawsuit brought against his brothers in the Fifteenth Judicial Circuit Court of Illinois.[1] The Ogle County Case seeks the dissolution of the alleged family partnership, an accounting with respect to the partnership, the appointment of a receiver, and the wind-up, liquidation and distribution of partnership property. It also asserts a claim of breach of fiduciary duty against the Debtor's brothers. That proceeding was still pending when the Debtor filed this bankruptcy petition under

---

[1] Randall Hall v. Roland C. Hall and Richard C. Hall, Jr., case no. 18 CH 34 (Ogle County, Illinois Circuit Court) (the "Ogle County Case").

chapter 11 on September 4, 2020.  The Debtor's Adversary Complaint now seeks much of the same relief from this court as he requested in the Ogle County Case.

The question now before the court is whether the dissolution action should be conducted here or in the Ogle County Case.  The court finds that the weight of the facts and circumstances reveal the latter to be the answer.  On the timely motion of the Debtor's brothers, Roland C. Hall and Richard C. Hall, Jr. (ECF No. 12), joined by the other defendants (ECF Nos. 27, 31), this court will abstain from hearing the Adversary Complaint in favor of the matter proceeding in the Ogle County Case.

DISCUSSION

Congress has granted federal district courts jurisdiction over (1) bankruptcy cases, (2) property of the bankruptcy estate, (3) matters arising under the Bankruptcy Code, (4) matters arising in bankruptcy cases, and (5) matters related to bankruptcy cases. 28 U.S.C. § 1334(a), (b), (e).  District courts are authorized to refer all five categories of matters to the bankruptcy judges for the district, 28 U.S.C. § 157(a), though for the fifth category of "related to" matters, the bankruptcy judge can only submit proposed findings of fact and conclusions of law to the district court unless the parties consent to final orders and judgments being entered by the bankruptcy judge. 28 U.S.C. § 157(c).[2]  Notwithstanding the statutory grant of jurisdiction over

---

[2] Section 157 distinguishes between "core" matters and "non-core" matters, a term not used in the jurisdictional and abstention provisions in 28 U.S.C. § 1334.  However, the Supreme Court has clarified that "non-core" refers only to the fifth category of matters "related to" a bankruptcy case. *Stern v. Marshall*, 564 U.S. 462, 477 (2011) (noting "the statute simply does not provide for a proceeding that is simultaneously core and yet only related to the bankruptcy case").  The Court in *Stern* found that section 157(b)'s list of "core proceedings" unconstitutionally permitted nonconsensual delegation to a non-Article III court of certain types of matters, subsequently frequently referred to as "*Stern* claims," but no one in this proceeding has challenged the district court's reference of matters to this court for adjudication.

bankruptcy matters, the Judicial Code permits and sometimes mandates abstention where a state court would have concurrent jurisdiction.  Section 1334(c)(1) provides that "nothing in [section 1334] prevents [the] court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 1334(c)(1).  Indeed, upon

> timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2).

The Debtor does not plead any basis for jurisdiction in this adversary proceeding other than his assertion that the matter "arises in and relates to, or a combination thereof, [this] bankruptcy case of the Debtor, Randy Hall." (Compl., ECF No. 1, ¶ 8.)  He contends that his Adversary Complaint "involves matters concerning property of the Debtor's estate because it asks this Court to declare what rights, if any, the Debtor has to certain real estate and personal property." (Resp., ECF No. 56, ¶ 22.)  In fact, the Adversary Complaint asserts that all of the real and personal property in dispute is owned by the purported family partnership.  The Debtor argues that he is entitled through his partnership interest to obtain the distribution of property owned by the partnership or the liquidation of the partnership property.

However, under Illinois law, a "partner is not a co-owner of partnership property and has no interest in partnership property which can be transferred, either

voluntarily or involuntarily." 805 ILCS 206/501. The commencement of a bankruptcy case creates by operation of law an estate consisting in part of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). But "while [an] individual's interest in [a] partnership or corporation (which could be 100%) would be property of the estate, the assets of the partnership or corporation would not be." *Fowler v. Shadel*, 400 F.3d 1016, 1019 (7th Cir. 2005) (quoting 2 COLLIER ON BANKRUPTCY, § 101.30[3], p. 101-96 (15th ed. rev.)). That is because generally partnerships are "considered separate 'persons' for purposes of the Bankruptcy Code." *In re Pentell*, 777 F.2d 1281, 1285 (7th Cir. 1985). "The only 'partnership property' before the court during an individual partner's bankruptcy is the partner's personal property interest in the partnership." *Id.*; *see also, e.g.*, *Samson v. Prokopf (In re Smith)*, 185 B.R. 285, 290 (Bankr. S.D. Ill. 1995) ("It is this economic interest which is included in the limited partner's bankruptcy estate and not any specific asset owned by the partnership itself.").

Much, if not all, of the relief sought in the Adversary Complaint merely relates to—not arises in—the bankruptcy case. The Supreme Court has explained that proceedings "'related to' the bankruptcy include (1) causes of action owned by the debtor which become property of the estate pursuant to 11 U.S.C. § 541, and (2) suits between third parties which have an effect on the bankruptcy estate." *Celotex Corp. v. Edwards*, 514 U.S. 300, 307 n.5 (1995). The causes of action asserted in the Adversary Complaint fall squarely within that category. The Debtor alleges that various parcels of farmland and equipment worth millions of dollars are owned by a partnership to which he is or was a general partner. He alleges that he disassociated

from such partnership and seeks liquidation of and distribution of partnership assets from which he intends to pay his debts, as well as causes of action against his co-partners on the basis of his partnership interest and to exercise other rights as a partner against the partnership and other partners.  These are all causes of action owned by a debtor which became property of the estate upon commencement of the bankruptcy case.

An action for dissolution of a partnership does not "arise under" the Bankruptcy Code because it is based on state partnership law. *See Meier v. Shrock (In re Meier),* 2014 Bankr. LEXIS 3439 *4 (Bankr. N.D. Ill. August 8, 2014) (dissolution of LLC based on state LLC law).  Such claims may "relate" to the bankruptcy and lie within the court's bankruptcy jurisdiction, but they still may be subject to mandatory abstention under section 1334(c)(2).

The Debtor's complaint cites and relies upon only state law, specifically the Illinois Uniform Partnership Act, 805 ILCS 206/100 *et seq.* (*See, e.g.,* Compl. ¶¶ 140-78.)  For example, the Adversary Complaint seeks a declaration that "the Act governs the parties," (*id.* ¶ 204.a), for "the partnership [to] be wound up and dissolved pursuant to [the] Act and Illinois law including but not limited to 805 ILCS 206/801," (*id.* ¶ 204.h), and for the court to "declare all the breaches of Roland and Richard [and] the terms of the partnership as set forth in the Act or Illinois law," (*id.* ¶ 204.l.)

The Adversary Complaint does not refer to any substantive section of the Bankruptcy Code and asserts no claims which arise under the Code or other federal law.  And, as noted above, the Debtor has not alleged any source of federal jurisdiction

other than its assertion of bankruptcy jurisdiction.[3]  The fact that a right under state law is "an *important* right to the bankrupt . . . is irrelevant" to whether it is a core proceeding arising in the case. *In re U.S. Brass Corp.*, 110 F.3d 1261, 1268 (7th Cir. 1997).  Instead, the "impact of a claim on the size of the debtor's estate is a criterion of whether a claim is *related to* the bankruptcy and is therefore a noncore proceeding." *Id.* at 1269 (emphasis added).

In his response to the motion for abstention, the Debtor suggests that even "if this Court finds that no partnership exists, then the Complaint still seeks the sale of real estate and personal property pursuant to the bankruptcy code including but not limited to 11 U.S.C. 363(b), (c) or (f)." (Resp. ¶ 25.)  This appears to refer to the vague request in the Adversary Complaint that the court "identify the owner of all the property identified above and property identified in discovery and sell all property that Randy has an interest."[4] (Compl. ¶ 204.n.)  However, should the Debtor in fact intend to raise an alternative claim of direct ownership with respect to those parcels, he need not do so in the action subject to the abstention request for he has already raised this claim in a separate adversary proceeding brought against his brothers in this court.[5]  Therefore, dismissal of this Adversary Complaint will not prejudice the

---

[3] For example, all of the parties appear to be citizens of Illinois.

[4] While for many of the parcels at issue in the Adversary Complaint the Debtor concedes he is not on title and asserts as his only link to ownership the purported partnership, he alleges that he is among the owners listed on the title for several parcels, though still asserts that all of the properties are owned by the partnership notwithstanding the documentary title.

[5] Randall C. Hall v. Roland C. Hall and Richard C. Hall, Jr., 20-ap-96050 (Bankr. N.D. Ill.).  In that adversary proceeding, the Debtor sought to sell those specific parcels based on his purported individual interest in the properties pursuant to section 363(h).  While that complaint was dismissed without prejudice for failure to meet the pleading standards, the Debtor has been given an opportunity to

Debtor, who is still able to assert bankruptcy powers to sell property directly owned by the estate through the other adversary proceeding or other matters brought before this court.

Arguably the issue of whether the partnership exists is a matter "arising in" the case, insofar as the issue is framed as a question of whether the Debtor's interest in such partnership is property of the estate. Certainly, a dispute over whether property owned by the Debtor became property of the estate would be a matter arising under title 11 or arising in a bankruptcy case, as such issue "concerns a matter that is exclusive to bankruptcy law and practice." *Bush v. United States*, 939 F.3d 839, 844 (7th Cir. 2019). But such issues do not appear to be in dispute. The Defendants have not contested that if the Debtor indeed owned a partnership interest it would have passed into the bankruptcy estate. Instead, they only dispute whether the partnership exists at all, what if any property was owned by any such partnership, and the Debtor's rights against them or the alleged partnership. Issues as to whether a partnership exists and the rights of partners are plainly not exclusive to bankruptcy law and practice.

In the end, however, the court need not decide today whether the issue of existence of property should be split from the issue of whether such property is property of the bankruptcy estate for purposes of mandatory abstention. For even if any portion of the Adversary Complaint "arises in" the bankruptcy case, the court finds that permissive abstention under 28 U.S.C. § 1334(c)(1) is appropriate under

---

amend and refile his complaint and has indicated to the court through counsel that he will have an amended complaint on file on or before August 1, 2021.

the circumstances presented.  Nor does the fact that 28 U.S.C. § 1334(e) grants the federal court exclusive jurisdiction over property of the estate mean that such court has exclusive jurisdiction over every issue relating to property of the estate.  As the Seventh Circuit has explained, the requirement in section 1334(e) that "[c]reditors who want to enforce their liens" against property of the estate or otherwise divest the debtor of estate property must do so in the bankruptcy court does not apply where the issue is "an issue of contractual interpretation, not their ownership." *U.S. Brass Corp.*, 110 F.3d at 1268 (discussing issues concerning the scope of insurance policies). Similarly, here none of the parties dispute the *ownership* of the purported partnership interest or seek to enforce a debt against or transfer such interest. Rather, the dispute is whether such partnership exists under state law and the scope of property owned by the partnership and respective rights in and against the partnership.

Even when abstention is not mandated under section 1334(c)(2), federal courts may abstain from matters in their discretion when abstention furthers "the interest of comity with State courts or respect for state law." 28 U.S.C. § 1334(c)(1).  While section 1334(c)(1) speaks only in general terms, courts have identified the following relevant factors courts may consider in exercising their discretion to order abstention:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core

bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

*In re Chi., Milwaukee, St. Paul & Pac. R.R. Co.*, 6 F.3d 1184, 1189 (7th Cir. 1993). The factors should be applied "flexibly, for their relevance and importance will vary with the particular circumstances of each case, and no one factor is necessarily determinative." *Id.*

Numerous factors here clearly favor abstention. As discussed above, the Adversary Complaint raises claims that involve predominantly, if not exclusively, questions of state law. Federal jurisdiction is based on 28 U.S.C. § 1334, and there is no diversity or other federal question jurisdiction over the Debtor's claims. Already pending is the Ogle County Case whose issues significantly if not completely overlap those raised in the Adversary Complaint. Even if the issue of the existence of the partnership—and thereby the existence of the partnership interest—could be found to involve a bankruptcy issue, it is difficult and judicially inefficient to separate the issue of the existence of the partnership from the issues of determining what property the partnership owns and the respective rights of the partners under state law. It is also notable that the adversary proceeding names non-debtor parties as defendants, and it is not suggested that those persons are not amenable to the jurisdiction of the Ogle County Circuit Court. Therefore, the adversary proceeding is in substance a "non-core" proceeding and it would be infeasible to sever any core issues which might be found to exist therein.

At this stage, it does not appear that abstention would have a major negative effect on the efficient administration of the bankruptcy estate.  The Debtor has not alleged that the ongoing operation of the partnership is necessary to reorganization, admitting instead that he ultimately seeks to obtain the value of real and personal property in which he has no claim other than through the purported partnership.  He does not propose to operate or control the partnership as an ongoing entity, but only to liquidate and obtain value from property it owns.  While the Debtor suggests that the partnership's liquidation may be important to fund a reorganization, he has not explained why his chapter 11 plan cannot provide for pursuing the dissolution action in state court.  The issues would presumably have to be adjudicated by either the state court or this court and the Debtor has not explained why adjudication in this court would be faster or more efficient than in Ogle County, especially when the matter has been pending in that court for some time.

Nor does there appear to be any serious concern over the need for creditors to monitor the state court action to ensure the best outcome for the bankruptcy estate. To the contrary, the Adversary Complaint asserts that, if valid, the Debtor's claim for his interest in the partnership may be worth several million dollars while his bankruptcy schedules list just under $2 million in liabilities. (Case No. 20-bk-81572, ECF No. 14.)  This potential surplus strongly suggests, if anything, that the Debtor has a solid incentive to maximize any return from the state court proceeding.

Finally, it cannot be disregarded that the Debtor initially elected to bring and maintain this case in Ogle County.  It is notable that it has been represented and not disputed that the bankruptcy case was filed less than two months after the Debtor's

amended complaint in the state court was dismissed and less than a week before a hearing was set on a motion to dismiss the Debtor's second amended complaint. (Motion for Abstention, ECF No. 12, ¶¶ 4-5.) And the Defendants have made it clear through the pending motion and joinders that they believe it is proper and appropriate that the case should remain in Ogle County to be adjudicated.

After considering the factors and circumstances, the court finds on balance and under its discretion that abstention is now warranted.  Accordingly, this court will abstain from hearing the matter in favor of the parties proceeding in the case pending in Ogle County.[6]

The court will, therefore, dismiss the Adversary Complaint without prejudice by separate order to be issued concurrent with this Memorandum Opinion.

DATE: July 21, 2021

ENTER

_____
Thomas M. Lynch
United States Bankruptcy Judge

---

[6] The court notes that the Defendants have not sought stay relief from this court and the court has not granted such relief.  Additionally, while the court now abstains on the issues of establishing the nature and rights of the Debtor and the estate in the purported partnership and to seek to collect value for the estate, the court expects that any further use or distribution of property collected on behalf of the estate will be properly brought before this court.